# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TAMICA L. JACKSON,**

    **Plaintiff,**

vs.                                                   Case No. 4:21cv18-AW-MAF

**GWENETH M. BRIMM, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a complaint for negligence, ECF No. 1, and a motion requesting in forma pauperis status, ECF No. 2. Plaintiff's in forma pauperis motion was granted, ECF No. 4, and Plaintiff's complaint was reviewed to determine whether it was sufficient for service of process. Because it was not, Plaintiff was required to submit an amended complaint. *Id.* The Order explained the deficiencies that needed correction, and she was advised that (pursuant to the *Rooker-Feldman* doctrine) she could not seek appellate review in this Court of a final decision made in state court. *Id.* If Plaintiff believed there was a basis to proceed with this case, she was

directed to file an amended complaint by February 22, 2021. ECF No. 4. In the alternative, Plaintiff was directed to file a notice of voluntary dismissal by the same deadline if she conceded that this case was improperly filed. Finally, Plaintiff was warned that if she failed to comply, a recommendation would be entered to dismiss this case. As of this date, nothing further has been received from Plaintiff. It appears that she has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

### Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv18-AW-MAF